**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 07-10832 MER |
| ROBERT OLAN BRYANT ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| ROBERT ALAN DOLIN ) | Adversary No. 07-1293 MER |
| LISA DOLIN ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ROBERT OLAN BRYANT ) | |
| ) | Signed/Docketed |
| Defendant. ) | May 25, 2011 |

**ORDER**

THIS MATTER came before the Court on the *Motion for Award of Attorneys [sic] Fees and Expenses Incurred in Obtaining Order Compelling Completion of Defendant's Deposition* (the "Motion") filed by the Plaintiffs, Robert Alan Dolin and Lisa Dolin and the response thereto filed by the Defendant, Robert Olan Bryant. The Court, having reviewed the parties' filings, and having heard the evidence, hereby enters the following ruling and order.

**JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) as it involves the determination of the dischargeability of a particular debt.

**BACKGROUND FACTS**

On January 22, 2008, in *Batuello v. Bryant*, Adversary No. 07-1292 MER, a case related to this matter, the Court ordered the parties to cooperate with the parties in this case to schedule the deposition of the Defendant, Robert Olan Bryant ("Bryant") during the first week in

February 2008.[1] Before the deposition could be set, Bryant was sentenced in a Colorado state court on criminal charges. He was thereafter incarcerated.

The attorneys for the plaintiffs in the *Batuello* case and this case then sought leave from this Court to depose Bryant in prison. The Court granted this request, and on August 6, 2008, the deposition was held. Bryant was not represented at the deposition, stating he could not afford to pay his counsel to attend. After the deposition in the *Batuello* case was completed, counsel for the Defendants, Robert and Lisa Dolin (the "Dolins") began his deposition. However, the deposition was not concluded.

When counsel for the Dolins attempted to schedule a date to recommence the deposition, he met resistance from Bryant, who contended time for the deposition had been substantially exhausted because the questions asked in the *Batuello* case were applicable in both cases and should not be asked again.[2] Bryant opposed rescheduling the deposition for the 4.5 hours the Dolins asserted remained.

On October 21, 2008, the Dolins filed a *Motion to Compel Completion of Defendant's Deposition* (the "Motion to Compel"). After a hearing on the matter, held December 10, 2008, the Court ruled in favor of the Dolins, ordering the parties to complete Bryant's deposition and allotting 4.5 hours to do so. The Court did not award attorney fees and costs at that time because they were not requested in the Motion to Compel.

More than two years later, on December 23, 2010, the Dolins filed the instant Motion. The Dolins assert an award of attorney fees and expenses associated with the Motion to Compel is mandatory, because "[u]nder Rule 37(a)(5)(A), if a motion to compel under Rule 37(a) is granted, 'the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.'"[3] The Dolins asserted they should be awarded $6,540 for the 21.8 hours spent in relation to the Motion to Compel. They also sought an award for 2.5 hours of preparation time and attendance at the hearing.

Bryant's Response acknowledged the existence of a longstanding professional dispute between counsel which resulted in this matter being brought before the Court. In the Response, Bryant also asserted the following affirmative defenses: 1) Bryant had a good-faith belief and

---

[1] *See* Jan. 22, 2008 Minutes of Proceeding (Docket #22), Adversary No. 07-1292 MER.

[2] Bryant appeared to take the position the Court's January 22, 2008 Order was intended to require the parties to conduct a joint deposition of Bryant, rather than merely to coordinate scheduling. This reading of the Court's Order is not substantially justified. *See* Jan. 22, 2008 Minutes of Proceeding (Docket #22), Adversary No. 07-1292 MER. Further, if Bryant really believed that it were, he could have sought a protective order from this Court, something he did not do.

[3] Motion for Award of Attorneys Fees and Expenses (Docket #64), ¶ 4 (quoting FED. R. CIV. P. 37).

substantial justification for not continuing the deposition; 2) the expenses sought are not reasonable; and (3) the Motion is untimely. Bryant also contended the Dolins' counsel had failed to confer before filing the Motion. The Dolins filed a reply to the Response (the "Reply"), disputing Bryant's contention he had a substantial justification for failing to cooperate in rescheduling the deposition, and explaining the request for fees was submitted so late because of the extended illness and incapacity of the Dolins' counsel.

At the hearing, Bryant testified on his own behalf. He stated he felt the deposition seemed to take far too long, the questions were repetitive, and the deposition felt like harassment. Accordingly, he asked his attorney what could be done to get it stopped.

Brian Matise (who had been Plaintiffs' counsel in the *Batuello* case) testified on behalf of the Dolins as an expert regarding the reasonableness of the attorneys' fees incurred in this dispute. According to Mr. Matise, the amount of time spent by the Dolins' counsel in drafting the Motion to Compel (4.2 hours) was reasonable. Further, the amount of time spent on the Reply was also reasonable. Mr. Matise acknowledged the Response raised tangential issues some attorneys might not have chosen to address. However, Mr. Matise opined the amount of time spent overall (21.8 hours) was reasonable and necessary given the adversarial nature of the communications between counsel. Further, Mr. Matise believed the Dolins' counsel's hourly rate of $300 was reasonable given counsel's experience, training, and expertise.

Bryant's attorney asserted there had been good grounds for curtailing the deposition. He stated it was not relevant who asked the questions at the August 6, 2008 deposition, contending the questions were improperly repetitive. In addition, he argued the Dolins' attorney obtained all the information he needed although he did not ask questions. However, counsel admitted to being ashamed of his behavior in this case. He denied creating the problem, but felt he had responded poorly to the Dolins' counsel. Finally, counsel for Bryant maintained four hours was the maximum for which the Dolins should recover.

## DISCUSSION

Under FED. R. CIV. P. 37, made applicable to bankruptcy proceedings by FED. R. BANKR. P. 7037, a court must, after giving an opportunity to be heard, require the party whose conduct necessitated a motion to compel to pay the movant's reasonable fees and expenses incurred in bringing the motion, including attorney's fees, if the motion to compel is granted, unless i) the movant filed the motion before attempting in good faith to obtain the discovery without court action, ii) the opposing party's nondisclosure was substantially justified, or iii) other circumstances make an award of expenses unjust.[4] Having reviewed the parties' filings and the attendant exhibits, and having heard the testimony of the proffered witnesses and the statements of counsel, the Court concludes an award of attorneys' fees and expenses is merited.

---

[4] FED. R. CIV. P. 37(a)(5)(A).

First, the Court finds, though the request for fees and expenses comes quite late, counsel's illness and incapacity provide a reasonable basis for his failure to file the instant Motion sooner.

Second, the Court finds counsel for the Dolins made reasonable attempts to confer with counsel for Bryant and to resolve the issues regarding the recommencement of the deposition before filing the Motion to Compel. There was, however, no need to confer before filing the instant Motion, as the duty to confer under Rule 37 relates to discussions geared at resolution of discovery disputes – not at the award of associated expenses.

Third, the Court finds there was no substantial justification for Bryant's failure to cooperate in scheduling the second part of the deposition. The Court's January 22, 2008 Order merely ordered the parties to cooperate in scheduling the deposition–it did not reduce the amount of time allotted to the Plaintiffs in each case to conduct their depositions under FED. R. CIV. P. 30(d).[5]  Bryant could have sought a protective order or clarification of the Court's January 22, 2008 Order if he believed it was being misapprehended. He did not do so. Thus, as Bryant was not substantially justified in failing to cooperate in scheduling the second part of the deposition, fees and costs must be awarded.

Fourth, although the Court is required to award expenses, including attorney fees, under Rule 37, it is only required to do so to the extent the amount of such expenses is reasonable. In this case, the Court concludes certain fees and costs incurred in this action are attributable to the poor conduct of both counsel in this action. In particular, the Court notes the tone of the communications between counsel was exceedingly adversarial, impolite, and vitriolic. Were it not for this unprofessional tone, the communications would likely have been shorter and more effective. The Court believes it was in large part due to unprofessional conduct by both counsel that this dispute is before the Court at all. Therefore, much of the time spent on the matter was unreasonable. In light of this, the Court finds the amount of time that reasonably should have been spent by the Dolins' counsel in connection with the Motion to Compel and the instant Motion is 6 hours. The Court further finds the $300 per hour rate charged by the Dolins' counsel is reasonable given his years of experience and expertise.

Finally, the Court finds the Dolins should be awarded their expenses for copies in the amount of $5.25 and for faxes in the amount of $3.00.[6]  The expenses for paralegal time are not sufficiently detailed to allow the Court to determine their necessity or reasonableness. Therefore, the Court declines to include an award for paralegal time.

---

[5] This rule is made applicable to these proceedings by FED. R. BANKR. P. 7030.

[6] The Court agrees with Mr. Matise that a rate of $3.00 per fax is excessive. The Court believes that $.50 per fax is appropriate.

## CONCLUSION AND ORDER

In accordance with the foregoing, it is

ORDERED the Dolins shall be awarded $1,800 in attorney fees (6 hours x $300 = $1800) and $8.25 for expenses.

Dated May 25, 2011

BY THE COURT:

Michael E. Romero
U.S. Bankruptcy Judge