## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### The Honorable Michael E. Romero

| | |
|---|---|
| In re: ) | |
| ) | Case No. 07-10832 MER |
| ROBERT OLAN BRYANT ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| ROBERT ALAN DOLIN ) | Adversary No. 07-1293 MER |
| LISA DOLIN ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ROBERT OLAN BRYANT ) | Signed/Docketed |
| ) | November 17, 2011 |
| Defendant. ) | |

## ORDER

THIS MATTER comes before the Court on the following matters:

• *Defendant's Motion to Compel Discovery Responses and Production of Documents* (Docket No. 93) (the "Motion to Compel"), and the response thereto.

• *Defendant's Supplement to Motion to Compel Discovery Responses and Production of Documents* (Docket No. 96) (the "Supplemental Motion"), and the response thereto.

• *Plaintiffs Motion to Amend Order and Judgment Awarding Expenses Incurred in Obtaining Prior Order Compelling Completion of Defendant's Deposition* (Docket No. 97) (the "Motion to Amend"), and the response thereto.

The Court has considered the pleadings and the oral arguments of the parties, and hereby finds and concludes as follows.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) as it involves the determination of the dischargeability of a particular debt.

## BACKGROUND FACTS

Debtor Robert Olan Bryant ("Bryant") filed his voluntary Chapter 7 petition on February 1, 2007.  On May 8, 2007, Plaintiffs Robert and Lisa Dolin (the "Dolins") commenced the above-captioned Adversary Proceeding under 11 U.S.C. § 523(a)(2) and (a)(6), and under 11 U.S.C. § 727.[1]  They allege in their complaint the Debtor was involved in a Ponzi scheme in California, using a company known as National Mortgage Investments.  They contend Bryant persuaded them to invest in mortgage loan-backed investments, but misled them as to the investments' risk, and fraudulently represented investments were made with the Dolins' money when such investments were not made, but were used in the Ponzi scheme, resulting in the Dolins' loss of their funds.  Bryant's Answer, filed July 19, 2007, denies the applicability of § 523(a)(2) or (6), or of § 727, and alleges the Dolins knew or should have known about the nature of National Mortgage Investments, as they did much research, and spoke at length with another officer of the company.

On October 21, 2008, the Dolins filed a *Motion to Compel Completion of Defendant's Deposition*.  After a hearing on the matter, held December 10, 2008, the Court ruled in favor of the Dolins, ordering the parties to complete Bryant's deposition and allotting 4.5 hours to do so.  The Court did not award attorney fees and costs at that time because they were not requested in the Motion to Compel.  On December 23, 2010, the Dolins filed a motion for sanctions.  On May 25, 2011, the Court issued an order  awarding the Dolins $1,800 in attorney fees and $8.25 for expenses under FED. R. CIV. P. 37(a)(5)(A).

## DISCUSSION

**Motion to Compel and Supplemental Motion**

In the Motion to Compel, Bryant seeks production of the Dolins' tax returns and "information concerning tax returns" during the relevant periods of time.  According to the Motion to Compel, the Dolins refused to produce the tax returns and supporting documentation on advice of counsel.  Moreover, the Bryant's counsel stated the Dolins refused to answer questions about such matters at their depositions.

The Supplemental Motion alleges the Dolins' counsel, Mr. Robert Lego, agreed to produce the requested documents with the exception of the tax returns.  The Supplemental Motion states the Dolins have not shown protection of a privilege, enforcement of limitations ordered by the court, or other reasons for their counsel to instruct them not to produce the documents.  Bryant asserts he requires the supporting documents used to prepare the Dolins' tax returns because they will demonstrate the Dolins did not justifiably rely on Bryant's representations, which would defeat their fraudulent misrepresentation and fraudulent

---

[1] Unless otherwise noted, all future statutory references in the text are to Title 11 of the United States Code.

concealment claims. In the face of the Dolins' failure to produce such supporting documents, Bryant seeks the tax returns themselves.

The Dolins contend Mr. Lego did not agree to produce all the documents with the exception of the tax documents, and did not agree their depositions could be taken. Further, both in their response and in oral argument, the Dolins assert the only documents they agreed to produce were public information or materials, and argue the notice of deposition did not comply with the Rules because it did not give the required thirty-three days before the scheduled depositions. The Dolins further maintain the request for the tax documents is too broad, seeks documents that pertain only to a theory or to a nebulous, speculative defense, and seeks production of confidential financial information that has not been shown to be relevant. The Dolins also state a protective order entered by the United States District Court for the District of Colorado in Case No. 08-cv-00675-WYD-BNB, prevents them from providing the requested information.

Pursuant to FED. R. CIV. P. 26(b)(1), made applicable to this proceeding by FED. R. BANKR. P. 7026: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Under FED. R. CIV. P. 37, made applicable to this proceeding by FED. R. BANKR. P. 7037 ("Rule 37"), a party may move to compel disclosure or discovery. Discovery in a federal court is governed by the Federal Rules of Civil Procedure.[2] However, if state law regarding confidentiality of information does not conflict with federal interests, state law may be considered as a matter of comity.[3]

The Colorado Supreme Court has concluded that while not privileged, tax returns are confidential.[4] The Court went on to adopt a two-pronged test regarding the discovery of tax returns, stating "because of their confidential nature, tax returns may not be ordered disclosed unless a court finds that they are relevant to the subject of the action and that there is a compelling need for information contained in the returns because the information sought is not otherwise readily obtainable."[5]

---

[2] *See Scholl v. Pateder*, 2011 WL 3704802, *2 (D. Colo. August 23, 2011) (slip copy) (citing *Everitt v. Brezzel*, 750 F.Supp. 1063, 1065 (D. Colo. 1990).

[3] *Gottlieb v. Wiles*, 143 F.R.D. 235, 237 (D. Colo. 1992) (citations omitted).

[4] *Stone v. State Farm Mut. Auto. Ins. Co.*, 185 P.3d 150, 156 (Colo. 2008) (citing *Alcon v. Spicer*, 113 P.3d 735, 737 (Colo. 2005). The Colorado Supreme Court has also noted COLO. REV. STAT. § 39-21-113(4)(a) provides: "Except in accordance with judicial order or as otherwise provided by law. . . the [Colorado Department of Revenue] . . . shall not divulge or make known in any way any information obtained from any investigation conducted by the department or its agents or disclosed in any document, report, or return filed in connection with any of the taxes covered by this article." *Losavio v. Robb*, 579 P.2d 1152, 1156 (Colo. 1978).

[5] *Id.*, at 159 (footnote omitted). The Colorado Supreme Court recently reaffirmed the use of this test in *In re District Court, City and County of Denver*, 256 P.3d 687, 691 (Colo. 2011). The test has also been recognized by the United States District Court for the District of Colorado in *Scholl v. Pateder*, *supra*, at *2.

Here, Bryant points out the Dolins assert claims based on fraud, and must demonstrate, as an element of those claims, they relied on the representations or omissions of Bryant. Bryant argues the information requested in his motions will lead to admissible evidence disproving reliance by the Dolins. He makes no specific allegations about why such information was relevant to his defense of the fraud claims, making it difficult for this Court to find such information to be relevant. However, even assuming the information sought is relevant, fulfilling the first prong of the *Stone* test, Bryant has not shown a compelling need for the information, nor has he shown it cannot be obtained from other sources. His attorney merely noted the information had been requested, that the information was needed for the issue of reliance, and that the information had not been provided. Nothing was shown to the Court to suggest Bryant had tried other means and other sources to obtain the information. Accordingly, the Court finds Bryant's Motion to Compel and Supplemental Motion do not meet the *Stone* test and will be denied without prejudice.[6]

### The Dolins' Motion to Amend

The Dolins' Motion to Amend seeks to add $600 for the fee charged by Mr. Peter Matisse, their expert witness, to the $1800 already awarded. They state they did not have Mr. Matisse's invoice at the time of the hearing, and so did not know the amount, but Mr. Matisse testified he charges $300 per hour. Therefore, the Dolins state their failure to request such fees was inadvertent, and the judgment of May 2011, should be amended under FED. R. CIV. P. 60(b).[7]

Bryant argues there is no precedent or statute allowing expert witness fees in federal court. It is up to the Court's discretion to award costs, but expert fees are not under the definition of costs contained in 28 U.S.C. § 1920.

---

[6] With respect to the Dolins' contention the information is subject to a protective order of the District Court, the Court notes no copy of such order was provided by either party, so the Court makes no findings on that issue. In addition, since the Court finds the Motion to Compel and the Supplemental Motion do not meet the *Stone* criteria, it need not address the propriety of the service of the notice of deposition and request for production of documents.

[7] FED. R. CIV. P. 60, made applicable to this proceeding by FED. R. BANKR. P. 9024, provides for relief from a judgment or order and states, in relevant part, as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;

Relief from judgment under Rule 60(b) falls within the discretion of the Court, but such relief is extraordinary, and should only be granted in exceptional circumstances. *LaFleur v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir. 2003).

The issue of Mr. Matisse's fees is not a matter concerning 28 U.S.C. § 1920, which pertains to the taxation of costs of litigation. Rather, Mr. Matisse's fees arise under Rule 37.[8] Despite the Dolin's contention they were prevented from asserting Mr. Matisse's fees because he had not yet provided an invoice, Mr. Matisse was available at the hearing and could have been questioned in detail about his anticipated fees. Further, the Dolins could have sought permission to include his fees at a later date, when they received an invoice. Bryant was thus denied the opportunity to cross-examine Mr. Matisse on this issue, and the Dolins' attempt to raise it nearly three months following the May 25, 2011 Order and nearly eleven months since the filing of their motion for sanctions unfairly prejudices Bryant, making the award of Mr. Matisse's fees as an expense unjust. Further, the delay in seeking Mr. Matisse's fees and the failure of the Dolins to raise the issue at trial, when Mr. Matisse was available for detailed examination and cross-examination about his fees, takes the request outside the exceptional circumstances warranting relief under Rule 60(b). Thus, while the Court determined grounds for awarding certain fees and expenses existed in its Order of May 25, 2011, it declines to expand such ruling in connection with Mr. Matisse's fees.

IT IS THEREFORE ORDERED *Defendant's Motion to Compel Discovery Responses and Production of Documents* is DENIED without prejudice .

IT IS FURTHER ORDERED *Plaintiffs Motion to Amend Order and Judgment Awarding Expenses Incurred in Obtaining Prior Order Compelling Completion of Defendant's Deposition* is DENIED.

Dated November 17, 2011

BY THE COURT:

Michael E. Romero
U.S. Bankruptcy Judge

---

[8] FED. R. CIV. P. 37(a)(5)(A)provides after giving an opportunity to be heard, a court must require the party whose conduct necessitated a motion to compel to pay the movant's reasonable fees and expenses incurred in bringing the motion, including attorney's fees, if the motion to compel is granted, unless (i) the movant filed the motion before attempting in good faith to obtain the discovery without court action, (ii) the opposing party's nondisclosure was substantially justified, or (iii) other circumstances make an award of expenses unjust.